Josephine Linker Hart, Justice, dissenting. The majority observes that if a case involves preliminary, common issues of liability and wrongdoing that affect all class members, the predominance requirement of Rule 23 is satisfied and that the question becomes whether there are overarching issues that can be addressed before resolving individual issues. Here, the majority concludes that there are core issues common to each class member on the issues of liability concerning (1) whether appellants had a duty to provide appropriate staffing pursuant to the admission agreement and the Residents’ Rights Act, (2) whether a violation of the residents’ rights establishes liability under the Arkansas Deceptive Trade Practices Act, and (3) whether appellants failed to meet the statutory and contractual obligations by chronically understaffing the facilities. Thus, rather than asking whether the members of the class have preliminary common issues that predominate, the majority instead considers the more abstract question of whether Inhere exists a newly fashioned cause of action by which a person might seek recourse for any liability and wrongdoing. In doing so, it permits class certification by resort to abstract questions. The proper approach is that seen in Union Pacific Railroad v. Vickers, 2009 Ark. 259, 308 S.W.3d 573, where “there was ‘ “no one set of operative facts” ’ that established liability to any given class member.” Id. at 19, 308 S.W.3d at 582-83 (citation omitted). In Vickers, despite the parties’ disagreement over the elements of the underlying cause of action, the court, arguendo, assumed nevertheless that “there are questions that are common to all class members and that would give rise to a cause of action,” but then concluded that “it cannot be said that any such common issues predominate over individual ones.” Id. at 14-15, 308 S.W.3d at 580-81. Contrary to Vickers, the majority instead posits the question whether a cause of action might theoretically exist as the predominating issue. However, as in Vickers, even assuming there is such a cause of action, there is no one set of operative facts to establish liability to any given class member, as the claim of each class member would be an individualized inquiry into whether any particular understaffing was the proximate cause of any injury. Thus, as in Vickers, there is no common question of law or fact that predominates over the questions affecting only individual class members. Further, I note that questions relating to staffing and the attendant penalties for understaffing are clearly set out in our statutory law. Ark.Code Ann. §§ 20-10-1401 to -1410 (Repl. 2014). Thus, I respectfully dissent. Wood, J., joins in this dissent.